UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON CRAIG SADEWASSER,

                Plaintiff,

    v.

PIERCE COUNTY JUDICIAL SYSTEM,

                Defendant.

CASE NO.  3:23-cv-05323-LK-BAT

**REPORT AND RECOMMENDATION**

       Plaintiff, Jason Craig Sadewasser, a Pierce County Jail detainee filed a *pro se* 42 U.S.C. § 1983 civil complaint alleging Defendant, "Pierce County Judicial System," violated his rights by conducting a criminal court omnibus hearing in an unconstitutional manner. Plaintiff seeks $1.5 million dollars in damages. Dkt.1. The language of Plaintiff's complaint is virtually a carbon-copy of the complaints filed by other plaintiffs at the Pierce County Jail. *See e.g., Law v. Pierce County Judicial System,* 3:23-cv-5244-BHS, *Wager v. Pierce County Judicial System,* 3:23-cv-5174-RAJ, *Benson v. Pierce County Judicial System*, 3:23-cv-05243-JLR; *Lopez-Aviles v. Pierce County Judicial System*, 3:23-cv-5254-JHC, *Holdford v. Pierce County Judicial System*, 3:23-cv-5274-TL; *Webb v. Pierce County Judicial System,* 3:23-cv-5277-MJP; *Feliciano v. Pierce County Judicial System,* 3:23-cv-5310-JNW.

REPORT AND RECOMMENDATION - 1

Under 28 U.S.C. § 1915A(a), the Court must screen complaints filed by detainees such as Plaintiff and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

The Court has reviewed the complaint and recommends **DISMISSING** the case because the named Defendant "Judicial System" is immune from § 1983 liability, the complaint appears to challenge an ongoing state criminal matter and the Court must thus abstain from interfering with the matter under *Younger v. Harris*, 401 U.S. 37, 43-46 (1971). The Court further recommends that because these deficiencies cannot be cured by amendment of the complaint, leave to amend should be denied as futile. The complaint should also be dismissed because although Plaintiff has been advised the case will be dismissed if he does not either pay the filing fee or file an application to proceed *informa pauperis* he has failed to do so.

**DISCUSSION**

A.    **The Complaint**

The complaint "accuse[s] Pierce County Judicial Process Courts of multiple due process violations." Dkt. 1 at 1. In specific, Plaintiff alleges that Washington State Superior Court omnibus hearings held under state criminal rule 4.5 involve multiple constitutional rights, *id.* at. 2; the Pierce County Superior Court implemented COVID-19 safeguards diminishing those rights, *id.* at 3; Plaintiff's 14th amendment due process rights were violated because he was "restrained from attending the omnibus hearing," *Id.* at 4; and Plaintiff's inability to attend the omnibus hearing in person violates the Eighth Amendment, equal protection clause and the Sixth Amendment right to effective counsel. *Id.* at 8.

1

### B.    Legal Standards

2      To avoid dismissal, a § 1983 complaint must contain sufficient factual matter, accepted

3  as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664

4  (2009). The factual allegations must be "enough to raise a right to relief above the speculative

5  level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be

6  dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable

7  legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

8      To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of

9  rights protected by the Constitution or created by federal statute, and (2) the violation was

10 proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487

11 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the

12 second prong, plaintiff must allege facts showing how individually named defendants caused or

13 personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d

14 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory

15 responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S.

16 658, 691–94 (1978). Rather, a plaintiff must allege a defendant's own conduct violated the

17 plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

18

### C.    Judicial Immunity

19     Plaintiff names as the sole defendant, the "Pierce County Judicial System." To the extent

20 Plaintiff seeks to sue the Pierce County Superior Court regarding the manner in which Plaintiff's

21 criminal omnibus hearing was conducted, Courts that are state agencies have sovereign

22 immunity from suit under the 11th Amendment. *Will v. Michigan Dep't of State Police*, 520 U.S.

23 43, 69 (1997); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th

Cir. 1987). The Pierce County Superior Court is a state agency, established by the Washington

State Constitution and funded by the state government. *See* Wash. Const. art. IV, §§ 1.6; *City of*

*Spokane v. Marquette*, 146 Wash. 2d 124, 135 (2002) (en banc). Thus, if this action is brought

against the Pierce County Superior Court, the action should be dismissed because the Court is

immune from suit.

To the extent Plaintiff seeks to sue the Pierce County Superior Court Judge or Judges

who presided over his criminal omnibus hearing, the state court judges are also immune from

suit. Plaintiff claims the Judicial System conducted his criminal omnibus hearing in a way that

violated his civil rights. However, setting and conducting a state court criminal hearing is an

action that falls within a state court judge's judicial capacity, and state court judges are entitled

to absolute judicial immunity for acts performed within their judicial capacity. *Mireles v. Waco*,

502 U.S. 9, 9–12 (1991); *see Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099 (1978); *accord*

*Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely

immune from damages actions for judicial acts taken within the jurisdiction of their courts.")

(citation omitted). Judicial immunity applies even when a judge acts in excess of his or her

authority. *Id*. at 356. This strong immunity protects judicial independence by insulating judges

from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219,

225, 108 S. Ct. 538 (1988). This immunity is immunity from suit, not a mere defense to liability,

so a defendant with absolute immunity is entitled to dismissal before the commencement of

discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27, (1985). Accordingly, no action lies against

any superior court judge as to the manner in which they conducted Plaintiff's omnibus hearing.

And lastly to the extent Plaintiff seeks to sue other officers of the Superior Court, these

officers are also immune from suit for actions taken in their official capacity. This includes court

clerks, who "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). Thus, any court clerk who assisted the Pierce County Superior Court Judge in scheduling the omnibus hearings involved here are immune from suit.

In short, the complaint is made against the Pierce County judicial system. The complaint thus seeks damages against the Pierce County Superior Court or Pierce County Judicial defendants over the manner in which Plaintiff's criminal omnibus hearing was conducted. Each of these defendants are immune from a suit brought under § 1983. The Court accordingly recommends the case be dismissed with prejudice.

### D.     *Younger* Abstention

In addition to suing Defendants who are immune from suit, the complaint also appears to challenge how the Pierce County Superior Court Judge conducted Plaintiff's criminal court omnibus hearing in a criminal proceeding that is still pending before the state court. This Court should thus abstain from considering the alleged claims under *Younger v. Harris*, 401 U.S. 37, 43-46 (1971). The *Younger* abstention doctrine reflects principles of equity and comity. *Id*. The Ninth Circuit applies a four-part test to determine application of *Younger* abstention:

> We must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Under these factors, *Younger* abstention applies here.

REPORT AND RECOMMENDATION - 5

First, plaintiff's state court criminal matter appears to be currently pending. Second, the state court proceeding arises out of a criminal prosecution. The nature of the proceeding implicates important state interests as the State of Washington has a strong interest in enforcing its criminal laws. Third, plaintiff either has or could have raised his complaints in his ongoing state court criminal case. Finally, federal adjudication of plaintiff's claims that the Judges or Superior Court judicial system violated his federal rights in the context of his criminal court case would necessarily interfere with the pending state court criminal matter. Accordingly, the interests of equity and comity dictate this Court must abstain from adjudication of plaintiff's claims because all four *Younger* abstention factors are satisfied. Accordingly, plaintiff's claims are subject to dismissal without prejudice pursuant to *Younger*.

In summary, Plaintiff sues Defendants who are immune from suit. His claims should therefore be dismissed with prejudice. Alternatively, as Plaintiff appears to challenge an on-going state criminal prosecution, the Court should abstain from interfering with that prosecution and dismiss the case without prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed no later than **May 31, 2023.** The Clerk shall note the matter for **June 2, 2023**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 16ᵗʰ day of May, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6